# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CRIMINAL CASE NO. 1:09cr51-6

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| TRINA JO WILLIS. | ) | |

**THIS MATTER** is before the Court on a letter from the Defendant [Doc. 152].

The Defendant's conviction and sentence became final in June 2010. [Doc. 118]. Her Judgment of Conviction was amended in January 2011 to correct the identity of the victim for the purposes of paying restitution. [Doc. 148]. The Defendant did not appeal from either the Judgment nor the Amended Judgment. Neither did she filed a motion pursuant to 28 U.S.C. §2255 to vacate, correct or set aside her conviction and sentence.

In her letter, which is construed as a motion, the Defendant requests that her obligation to pay restitution be shared equally with her husband, who was also a co-defendant and who is also in custody. The Court has already

entered judgment holding that the obligation for restitution is joint and several between the Defendant and her husband/co-defendant. [Doc. 148 at 6]. In any event, the Court may not further modify or amend the provisions of that Judgment. United States v. Evans, 103 F.3d 121 (4th Cir. 1996) (restitution order in judgment could not be challenged where defendant did not appeal or file motion pursuant to 28 U.S.C. §2255). Defendant also asks that the restitution obligtaion be split so that she is only responsible for half. The Judgment, however, makes the obligation joint and several, meaning that both she and her co-defendant are responsible for the full amount until it is fully paid. Defendant has stated no basis for removing the joint and several requirement.

The Defendant also asks that this Court modify that provision of her Judgment which provides for her participation in the Inmate Financial Responsibility Program (IFRP). The proper vehicle for challenging the payments an inmate is required to make through the IFRP is a petition pursuant to 28 U.S.C. §2241 filed in the district in which she is incarcerated. United States v. Savage, 466 F. App'x. 68 (3rd Cir. 2012); Coleman v. Brooks, 133 F. App'x. 51 (4th Cir. 2005).

**IT IS, THEREFORE, ORDERED** that the Defendant's letter, construed

2

as a motion, is hereby **DENIED**.

Signed: September 26, 2012

Martin Reidinger
United States District Judge